CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 29 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 7:05CR00053 |
| | (CASE NO. 7:12CV80494) |
| v. | MEMORANDUM OPINION |
| CLARENCE MOTLEY, | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant. | |

Clarence Motley, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Motley is challenging the validity of his confinement pursuant to the judgment of this court entered May 9, 2006, whereby he was convicted of conspiracy to distribute narcotics. Upon consideration of the § 2255 motion and the record, the court concludes that the action must be summarily dismissed as untimely filed.[1]

I

In his § 2255 motion, Motley alleges that his sentence is illegal under United States v. Simmons, 649 F.3d 237 (4th Cir. Aug. 17, 2011) (en banc). The court filed the § 2255 motion conditionally, notified Motley that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. The court specifically advised the defendant that failure to provide such information would result in dismissal of the action as untimely. The court also advised Motley that although his § 2255 motion referred to a memorandum in support, the court received no such memorandum with his motion. Motley responded to the court's conditional filing order with a motion for appointment

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

of counsel, which the court denied. After review of the record, the court concludes that the § 2255 motion must be dismissed as untimely and without merit.

## II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). Where the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, judgment was entered against Motley on May 9, 2006. Because he did not appeal the judgment, his conviction became final on May 23, 2006, when his opportunity to appeal expired.[2] Motley then had one year -- until May 23, 2007 -- in which to file a timely §

---

[2] See Fed. R. App. P. 4(b)(1)(A) (former version, requiring notice of appeal to be filed within 10 days after entry of judgment); Fed. R. App. P. 26(a) (former version, excluding weekend days and holidays from computation of time periods of 11 days or less and providing that a time period ending on a weekend day or holiday would conclude on next day that was not a weekend or holiday).

2255 motion. As Motley filed his § 2255 motion, at the earliest, on August 13, 2012,[3] his motion is untimely under § 2255(f)(1).

Motley argues that the court should calculate his one-year filing period under § 2255(f)(3), because he filed his § 2255 motion within one year of the decision in Simmons, 649 F.3d 237 (holding that hypothetical aggravating factors cannot be considered when calculating defendant's maximum punishment for prior conviction used to enhance federal sentence). The United States Court of Appeals for the Fourth Circuit's decision in Simmons cannot trigger § 2255(f)(3), since this section, by its own terms, applies only to claims based on a right newly recognized by a United States Supreme Court decision. In Simmons, the Fourth Circuit applied a Supreme Court ruling in Carachuri-Rosendo v. Holder, __U.S.__, 130 S. Ct. 2577 (June 14, 2010). Motley cannot rely on the Carachuri decision to render his motion timely under § 2255(f)(3), however, because he did not file the motion within one year of that decision.[4] Therefore, Motley fails to demonstrate that his § 2255 motion is timely under § 2255(f)(3).[5]

In any event, Motley's claim under Simmons has no merit. Motley, like many federal inmates, misinterprets the Carachuri-Rosendo and Simmons decisions as creating a rule that a defendant's federal sentence may not be increased, based on any prior conviction for which he

---

[3] Generally, a prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. See Rule 3(d), Rules Governing § 2255 Proceedings; Houston v. Lack, 487 U.S. 266 (1988). Motley signed and dated his § 2255 motion on August 13, 2012, and the court received and docketed it on August 16, 2012.

[4] The Fourth Circuit has also ruled that the Carachuri decision did not recognize a new right as required to invoke § 2255(f)(3). See United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012) ("Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review.").

[5] Motley has not alleged facts on which his § 2255 motion could be deemed timely under § 2255(f)(2), based on the removal of an impediment, or § 2255(f)(4), based on newly discovered facts concerning his case that he could not have discovered earlier with due diligence.

3

was sentenced, to less than one year. In fact, these decisions held that hypothetical aggravating factors cannot be considered when calculating the maximum punishment a defendant could have received for a prior conviction. Carachuri-Rosendo, 130 S. Ct. at 2587 n. 12 ("a recidivist finding" can "only" "set the 'maximum term of imprisonment,'... when the finding is a part of the record of conviction"); Simmons, 649 F.3d at 246-47 (same, applying Carachuri-Rosendo to overrule prior interpretation of a North Carolina sentencing scheme in United States v. Harp, 406 F.3d 242 (4th Cir. 2005)).

The record reflects that the court did not enhance Motley's federal sentence based on any hypothetical aggravating factors. Because Motley had two prior state court drug felony convictions, the court sentenced Motley as a career offender under U.S. Sentencing Manual ("USSG") § 4B1.1. This section provides that a defendant may be sentenced as a career offender for a felony controlled substance offense, committed when he was 18 or older, if the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1. For career offender purposes, a prior drug felony is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year . . ." § 4B1.2(b). The Presentence Investigation Report ("PSR") and state court records available online indicate that in each of the prior felony cases used to qualify Motley as a career offender, the state court sentenced Motley to three or more years in prison, but then suspended most or all of the custody sentence. PSR ¶¶18, 28, & 32. The state court's generosity in suspending Motley's terms of custody does not change the fact that these offenses were clearly "punishable by imprisonment for a term exceeding one year," as reflected by the terms of imprisonment actually imposed, although not served, in each case.

4

Because Motley's § 2255 motion is untimely under § 2255(f) and without merit, the court summarily dismisses it. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 29th day of November, 2012.

/s/ Glen Conrad
Chief United States District Judge